UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACCHEAUS WILSON,

        Petitioner,

v.

CASE NO. 18-13095
HONORABLE AVERN COHN

DANIEL LASATZ,

        Respondent.
_____/

**MEMORANDUM AND ORDER**
**GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 7)**
**AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Zaccheaus Wilson ("Petitioner"), proceeding pro se, claims he was deprived of the effective assistance of counsel. In 2013, Petitioner pleaded guilty to second-degree murder and possession of a firearm during the commission of a felony, second offense, in exchange for the dismissal of more serious charges and was sentenced to consecutive terms of 28 to 50 years imprisonment and five years imprisonment on those convictions in 2013.[1]

Before the Court is Respondent's motion to dismiss the petition as untimely under the one-year statute of limitations applicable to federal habeas actions. (Doc. 7). Petitioner has not filed a response to that motion. For the reasons that follow, the

---

[1]Petitioner also pleaded guilty to armed robbery and possession of a firearm during the commission of a felony, second offense, in another and was sentenced to consecutive terms of 15 to 30 years imprisonment and five years imprisonment on those convictions in 2013. Petitioner does not refer to this conviction. Should Petitioner wish to challenge this conviction, he must file a separate habeas action.

petition will be dismissed as barred by the statute of limitations.

## II.  Procedural History

Petitioner was sentenced on June 3, 2013.[2]  He did not pursue a direct appeal of his convictions and sentences in state court.[3]  On April 17, 2017, Petitioner filed a motion for relief from judgment in the trial court, which was denied on August 30, 2017. Id.  He then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to establish that the trial court erred in denying his motion for relief from judgment.  People v. Wilson, No. 340213 (Mich. Ct. App. Oct. 17, 2017). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied because he "failed  to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  People v. Wilson, _ Mich. _, 915 N.W.2d 361 (July 27, 2018). Petitioner filed his undated federal habeas petition on October 3, 2018.

## III.  Discussion

### A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., became effective on April 24, 1996.  The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  The statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of

---

[2]See Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"),
http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=583440.

[3]See Register of Actions, People v. Wilson, Wayne Co. Cir. Ct. Case No. 13-002015-01-FC, https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2296229 (accessed 10/7/18).

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. See Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); Wilson v. Birkett, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

**B.**

Here, Petitioner was sentenced on June 3, 2013. He then had six months after sentencing to file a late application for leave to appeal. See Mich. Ct. R. 7.205(G)(3). He did not do so. Thus, his convictions became final on or about December 3, 2013. Accordingly, Petitioner was required to file his federal habeas petition by December 3, 2014, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. §

2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on April 17, 2017. By then, however, the one-year period had expired more than two years before. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. Hargrove v. Brigano, 300 F.3d 717, 718 n. 1 (6th Cir. 2002). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not file his federal habeas petition until October 3, 2018 – long after the one-year period expired. His petition is therefore untimely. The petition must be dismissed unless Petitioner can show that he is entitled to equitable tolling or that he is actually innocent.

**C.**

The Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Robertson v. Simpson, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004)

Petitioner makes no such showing. The fact that he is untrained in the law, is (or

was) proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. See Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); Allen, 366 F.3d at 403 (ignorance of the law does not justify tolling); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling). Thus, Petitioner is not entitled to equitable tolling.

Both the Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in Souter, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)); see also House v. Bell, 547 U.S. 518, 537-39 (2006).

Petitioner makes no such showing. Any self-serving, conclusory assertion of innocence is insufficient to support an actual innocence claim. A "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." McCray v. Vasbinder, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Furthermore, Petitioner's guilty plea belies an actual innocence claim. See Loving v. Mahaffey, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); Reeves v. Cason, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Lastly, Petitioner's assertion that his habeas claims

have merit does not establish his actual innocence.  See Craig v. White, 227 F. App'x 480, 481 (6th Cir. 2007).  Petitioner fails to establish that he is entitled to equitable tolling of the one-year period.

**IV.  Conclusion**

For the reasons stated above, Respondent's motion to dismiss is GRANTED.  This petition is DISMISSED.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where, as here, a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Id.  In this case, jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable.  Accordingly, the a certificate of appealability is DENIED.

SO ORDERED.

          S/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: 2/6/2019
    Detroit, Michigan